IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IEA CONSTRUCTORS, LLC, and INFRASTRUCTURE AND ENERGY ALTERNATIVES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WESTWOOD PROFESSIONAL SERVICES, INC. <br><br> Defendant. | No. 23-cv-266 |

## COMPLAINT

Plaintiffs, IEA Constructors, LLC, and Infrastructure and Energy Alternatives, Inc., by and through their undersigned counsel, Stroud, Willink & Howard, LLC, hereby state and allege the following as their Complaint in this matter:

### Parties

1. Plaintiff, IEA Constructors, LLC ("IEAC"), is a Wisconsin limited liability company with a principal office located at 6325 Digital Way, Suite 460, Indianapolis, IN 46278.

2. Plaintiff, Infrastructure and Energy Alternatives, Inc., ("IEA") is a Delaware corporation with a principal office located at 6325 Digital Way, Suite 460, Indianapolis, IN 46278.

3. Defendant, Westwood Professional Services, Inc. ("Westwood") is a Minnesota Corporation with a principal office located at 12701 Whitewater Drive, Suite 300, Minnetonka, MN 55343. Westwood is registered to do business in the State of Wisconsin. Westwood's registered agent in the State of Wisconsin is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

### Jurisdiction and Venue

4. This Court has subject-matter jurisdiction under 28 U.S.C § 1332 because the parties are diverse in citizenship, and the amount in controversy exceeds $75,000.00.

5. Jurisdiction and venue for this dispute is appropriate in The United Dates District Court for the Western District of Wisconsin pursuant to a forum selection clause contained in an Engineering Services Agreement dated November 15, 2014, incorporated by reference into ESA Work Authorization #200995 between IEAC and Westwood (the "Forum Selection Clause"). The Forum Selection Clause agreed to by IEAC and Westwood provides that "either party may refer such dispute to litigation, which shall take place in the applicable jurisdiction in the state or federal courts sitting in Dane County, Wisconsin." The Engineering Services Agreement is attached hereto as **Exhibit 1**, and the ESA Work Authorization is attached hereto as **Exhibit 2**.

### Facts

6. IEAC is a construction company specializing in utility-scale energy and heavy civil infrastructure projects. IEAC is a subsidiary of IEA, which is a NASDAQ-traded infrastructure construction company. IEAC and its affiliates and predecessors have over 40 years of experience in the business and have built over 9,000 megawatts of energy infrastructure.

7. Westwood is an engineering firm providing engineering services to construction projects throughout the United States and beyond. Westwood has 22 offices, including two offices in the State of Wisconsin. Westwood specializes in, among other things, providing engineering services to contractors on utility-scale energy projects.

8. This lawsuit relates to the construction of a large-scale 100-megawatt solar project located at 7944 Trotman Road in Lumpkin, Stewart County, Georgia, known as the "Lumpkin Project." The Lumpkin Project is owned by Silicone Ranch Corporation ("SRC"). IEAC is the

general contractor on the Lumpkin Project. The Lumpkin Project involves the installation of ground-mount solar panels using Mitsubishi inverter skids, First Solar Modules and NexTacker racks.

9. IEAC contracted with Westwood to provide engineering services on the Lumpkin Project as a subcontractor of IEAC. Specifically, IEAC and Westwood are parties to an ESA Work Authorization known as Work Authorization #12046-410200995, ESA #200995 (the "ESA Work Authorization," **Exhibit 2**).

10. As set forth in the ESA Work Authorization, as part of its engineering services on the Lumpkin Project, Westwood agreed to research, prepare and provide a Stormwater Pollution Prevention Plan, known as an Erosion, Sedimentation, and Pollution Control ("ESPC") Plan. The ESPC Plan is a critical component of the Lumpkin Project and necessary for the protection of the project site, as well as for the protection of neighboring and downstream properties.

11. Pursuant to the ESA Work Authorization, Westwood understood that "[t]he ESPC Plan will be the basis for erosion and sediment control during project construction."

12. The ESA Work Authorization specifically incorporated by reference an Engineering Services Agreement dated November 15, 2014, between IEAC (formerly known as IEA Renewable Energy, Inc.) and Westwood (the "Engineering Services Agreement," **Exhibit 1.**)

13. Pursuant to the Engineering Services Agreement, Section 9(a), Westwood agreed that its work on the Lumpkin Project "will be performed in a good and workmanlike manner, will be free of defects and deficiencies, and that such Work: (1) will conform to, and be designed and engineered in accordance with, all applicable laws, such Work Authorization, the applicable Contract Documents, and this Subcontract; (2) will be designed, engineered and constructed to operate, and shall be capable of being operated, safely, normally and continuously in accordance

with the requirements of all applicable laws, such Work Authorization, the applicable Contract Documents and this Subcontract at all operating levels, with structural integrity, and in accordance with any and all modes specified in such Work Authorization and the applicable Contract Documents; [and] (3) will be performed by qualified and competent personnel in accordance with prudent utility practices and the generally accepted national standards of care, skill, diligence, and competence appliable to the nature of the Work rendered…"

14. Pursuant to the Engineering Services Agreement, Section 9(c), Westwood agreed to: "at its sole cost and expense, correct any Design Materials or Work that are non-conforming regardless of whether [IEAC] has previously accepted such Design Materials or Work."

15. Pursuant to the Engineering Services Agreement, Section 9(d), Westwood agreed to "be responsible for and promptly correct, repair, or replace any damage or loss to the Project or other property of [IEAC] to the extent caused by [Westwood], a Sub-subcontractor or anyone directly or indirectly employed by any of them, or by anyone for whose acts they may be liable."

16. Pursuant to the Engineering Services Agreement, Section 12, Westwood agreed that it would be "in full compliance with all requirements of federal, provincial, and local laws, standards, codes and regulations applicable to the Work."

17. Unfortunately, the ESPC Plans developed by Westwood for the Lumpkin Project contained numerous deficiencies, omissions and errors which include, but are not limited to, the following:

    a. The ESPC Plans failed to meet the minimum sediment storage quantity requirements;

    b. The ESPC Plans failed to specify the use of adequate typical sediment storage Best Management Practices ("BMPs") to prevent sediment releases for drainage areas less than 10 acres in size;

    c. The ESPC Plans failed to specify a sequence of appropriate and adequate BMPs to control erosion and sedimentation based on pertinent site characteristics;

    d. Westwood repeatedly failed to revise the ESPC Plans properly to resolve identified deficiencies; and,

    e. The inadequate ESPC Plans resulted in multiple blowout events and numerous BMP maintenance and repair needs that would not have otherwise occurred under an appropriate design.

18. The deficiencies, omissions and errors in the ESPC Plans prepared by Westwood and implemented at the Lumpkin Project have resulted in and will continue to lead to poor stormwater control and sediment storage at the Lumpkin Project. Further, the inadequate design of the ESPC Plans has resulted in and will continue to lead to site-wide BMP failures and destabilization resulting in significant maintenance requirements.

19. The deficiencies, omissions and errors in the ESPC Plans prepared by Westwood and implemented at the Lumpkin Project have caused damages to IEAC. These damages include costs to investigate, repair and maintain the deficient stormwater control and sediment storage at the Lumpkin Project, and IEAC has been or may be forced to pay damages to, or incur costs undertaking remediation for, adjoining or downstream property owners making claims against IEAC as a result of Westwood's deficiencies, errors or omissions, including but not limited to claims against IEAC made by H&L Farms, LLC and its owners in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia, as well as IEAC's attorneys'

fees related to such claims, as well any amounts for which IEAC may be required to indemnify SRC related to claims made in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia or otherwise.

## Causes of Action

### COUNT I: BREACH OF CONTRACT
*IEAC against Westwood*

20. IEAC realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as if fully stated herein.

21. IEAC and Westwood had a contract, the ESA Authorization and, as incorporated by reference, the Engineering Services Agreement, pursuant to which Westwood was to provide engineering services to IEAC related to the Lumpkin Project. These engineering services included, but were not limited to, providing ESPC Plans for implementation at the Lumpkin Project to control and manage erosion, sediment and pollution resulting from the construction of the utility-scale solar project.

22. As discussed in detail above, the ESPC Plans provided by Westwood for the Lumpkin Project pursuant to its contract with IEAC were deficient and contained numerous omissions and errors.

23. Westwood's provision of ESPC Plans that were deficient and contained numerous omissions and errors was a material breach of its contract with IEAC, including but not limited to the contractual requirements that: (a) Westwood will "perform its work in a good and workmanlike manner;" (b) Westwood's Work "will be free of defects and deficiencies;" (c) Westwood's Work "will conform to, and be designed and engineered in accordance with, all applicable laws;" and (d) Westwood's Work "will be performed by qualified and competent personnel in accordance

with prudent utility practices and the generally accepted national standards of care, skill, diligence, and competence appliable to the nature of the Work rendered."

24. As a direct and proximate result of Westwood's material breach of contract, IEAC has incurred and will continue to incur damages, in an amount to be determined at trial, including damages for the costs to investigate, repair and maintain the deficient stormwater control and sediment storage at the Lumpkin Project, and IEAC has been or may be forced to pay damages to, or incur costs undertaking remediation for, adjoining or downstream property owners making claims against IEAC as a result of Westwood's deficiencies, errors or omissions, including but not limited to claims against IEAC made by H&L Farms, LLC and its owners in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia, as well as IEAC's attorneys' fees related to such claims, as well any amounts for which IEAC may be required to indemnify SRC related to claims made in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia or otherwise. IEAC is further entitled to recover its reasonable attorneys' fees and legal expenses incurred in this lawsuit from Westwood pursuant to Section 24 of the Engineering Services Agreement.

25. Westwood has materially breached Section 9(c) of the Engineering Services Agreement by failing to: "at its sole cost and expense, correct any Design Materials or Work that are non-conforming regardless of whether [IEAC] has previously accepted such Design Materials or Work."

26. Westwood has materially breached Section 9(d) of the Engineering Services Agreement by failing to "promptly correct, repair, or replace any damage or loss to the Project or other property of [IEAC] to the extent caused by [Westwood], a Sub-subcontractor or anyone directly or indirectly employed by any of them, or by anyone whose acts they may be liable."

27. IEAC is entitled to a judgment against Westwood, in an amount to be determined at trial, related to Westwood's material breaches of Sections 9(c) and (d), together with IEAC's reasonable attorneys' fees and legal expenses incurred in this lawsuit pursuant to Section 24 of the Engineering Services Agreement.

WHEREFORE, IEAC requests that the Court enter judgment in its favor as follows:

(1) Judgment against Westwood and in favor of IEAC in an amount to be determined at trial, equal to IEAC's damages caused by Westwood's breach of contract;

(2) Judgment against Westwood and in favor of IEAC for interest, costs and reasonable attorneys' fees as allowed by law and as provided by the Engineering Services Agreement, Section 24; and

(3) Such other and further relief as the Court may deem just and equitable.

### COUNT II: PROFESSIONAL NEGLIGENCE
*IEAC against Westwood*

28. IEAC realleges and incorporates by reference paragraphs 1 through 27 of this Complaint as if fully stated herein.

29. Westwood owed a professional duty to IEAC to perform engineering services consistent with reasonable care and prudence by virtue of IEAC's status as a client and customer of Westwood and by virtue of the contract between Westwood and IEAC.

30. The contract between Westwood and IEAC is primarily a contract for services.

31. Westwood breached its professional duty to provide engineering services to IEAC consistent with reasonable care and prudence by providing engineering services that were deficient and which contained omissions and errors, specifically related to the ESPC Plans prepared by Westwood for the Lumpkin Project site as identified and discussed above.

8

32. There is a direct and proximate relationship between Westwood's breach of its professional duties to IEAC and IEAC's injury, which injury is damages caused to IEAC by Westwood's deficient ESPC Plans.

33. Westwood's professional negligence has caused IEAC damages, in an amount to be determined at trial, including damages for the costs to investigate, repair and maintain the deficient stormwater control and sediment storage at the Lumpkin Project, and IEAC has been or may be forced to pay damages to, or incur costs undertaking remediation for, adjoining or downstream property owners making claims against IEAC as a result of Westwood's deficiencies, errors or omissions, including but not limited to claims against IEAC made by H&L Farms, LLC and its owners in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia, as well as IEAC's attorneys' fees related to such claims, as well any amounts for which IEAC may be required to indemnify SRC related to claims made in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia or otherwise.

WHEREFORE, IEAC requests that the Court enter judgment in its favor as follows:

(1) Judgment against Westwood and in favor of IEAC in an amount to be determined at trial, equal to IEAC's damages caused by Westwood's professional negligence;

(2) Judgment against Westwood and in favor of IEAC for interest, costs and reasonable attorneys' fees as allowed by law and as provided by the Engineering Services Agreement, Section 24; and

(3) Such other and further relief as the Court may deem just and equitable.

### COUNT III: INDEMNIFICIATON
*IEAC and IEA against Westwood*

34. IEAC realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as if fully stated herein.

35. Section 13 of the Engineering Services Agreement provides as follows:

Indemnification. To the fullest extent permitted by applicable law, Subcontractor agrees to defend, indemnify, and hold the Indemnified Parties harmless against any and all Losses arising from the acts or omissions of Subcontractor, its Sub-subcontractors, and each of their officers, employees and agents, or other persons for whose acts Subcontractor may be liable, including, without limitation, for the following: (1) violation or alleged violation of applicable laws, permits, statutes, ordinances, orders, rules or regulations . . . (3) damage to property . . . (6) contamination, pollution or other harmful effects on the environment.

36. Section 1(j) of the Engineering Services Agreement defines "Losses" as: "any and all judgments, damages, fines, losses, liabilities, interest, awards, penalties, costs and expenses, including, reasonable attorneys' fees, expert witness fees, court costs, and other reasonable costs of suit, arbitration, dispute resolution or other similar proceedings."

37. Section 1(i) of the Engineering Services Agreement defines "Indemnified Parties" as the "Company [IEAC, f/k/a IEA Renewable Energy, Inc.], Owner, Company's and Owner's affiliates, and the officers, directors, equity holders, employees, agents, subagents, successors and assigns of each of the foregoing."

38. IEA is included within "Indemnified Parties" as defined by Section 1(i) of the Engineering Services Agreement because: (i) IEA is an affiliate of IEAC, and (ii) IEA is an equity holder of IEAC. As such, IEA is a third-party beneficiary of the Engineering Services Agreement.

39. As a result of the deficiencies, omissions and errors in Westwood's ESPC Plans, IEAC has incurred "Losses" as defined in Section 1(j) of the Engineering Services Agreement.

40. As a result of the deficiencies, omissions and errors in Westwood's ESPC Plans, IEA has incurred "Losses" as defined in Section 1(j) of the Engineering Services Agreement.

41. IEAC is entitled to be indemnified for its Losses by Westwood under Section 13 of the Engineering Services Agreement, because the Losses relate to and/or arise from acts or omissions of Westwood, including but not limited to a violation or alleged violation of applicable

10

laws, permits, statutes, ordinances, orders, rules or regulations; and/or damage to property; and/or contamination, pollution or other harmful effects on the environment.

42. IEA is entitled to be indemnified for its Losses by Westwood under Section 13 of the Engineering Services Agreement, because the Losses relate to and/or arise from acts or omissions of Westwood, including but not limited to a violation or alleged violation of applicable laws, permits, statutes, ordinances, orders, rules or regulations; and/or damage to property; and/or contamination, pollution or other harmful effects on the environment.

43. IEAC is entitled to a judgment against Westwood, in an amount to be determined at trial, equal to its Losses, as defined by Section 1(j) of the Engineering Services agreement, caused by the deficiencies, omissions and errors in Westwood's ESPC Plan, including but not limited to all amounts, if any, IEAC pays or is ordered to pay in connection with Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia, as well as IEAC's attorneys' fees, expert witness fees, and costs related to the case, as well any amounts for which IEAC may be required to indemnify SRC related to claims made in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia or otherwise.

44. IEA is entitled to be indemnified for its Losses by Westwood under Section 13 of the Engineering Services Agreement, because the Losses relate to and/or arise from acts or omissions of Westwood, including but not limited to a violation or alleged violation of applicable laws, permits, statutes, ordinances, orders, rules or regulations; and/or damage to property; and/or contamination, pollution or other harmful effects on the environment, as well any amounts for which IEA may be required to indemnify SRC related to claims made in Case No. 4:21-cv-00134-CDL in the United States District Court for the Middle District of Georgia or otherwise.

45. In the alternative, in the event that IEAC is for some reason not entitled to contractual indemnification from Westwood, then, in that event and/or to that extent, IEAC is entitled to equitable indemnification from Westwood by virtue of the fact that IEAC has been forced to pay costs and damages caused by Westwood's breach of contract and professional negligence for which IEAC is not and should not be liable, and equity requires that Westwood indemnify IEAC for these costs and damages, in an amount to be determined at trial.

46. In the alternative, in the event that IEA is for some reason not entitled to contractual indemnification from Westwood, then, in that event and/or to that extent, IEA is entitled to equitable indemnification from Westwood by virtue of the fact that IEA has been forced to pay costs and damages caused by Westwood's breach of contract and professional negligence for which IEA is not and should not be liable, and equity requires that Westwood indemnify IEA for these costs and damages, in an amount to be determined at trial.

WHEREFORE, IEAC and IEA request that the Court enter judgment in their favor as follows:

(1) Judgment against Westwood and in favor of IEAC, in an amount to be determined at trial, equal to IEAC's "Losses" as defined in Section 1(j) of the Engineering Services Agreement, pursuant to Section 13 of the Engineering Services Agreement, or, in the event and to the extent the contractual indemnification does not apply, then judgment against Westwood and in favor of IEAC, in an amount to be determined at trial, based on equitable indemnification;

(2) Judgment against Westwood and in favor of IEA, in an amount to be determined at trial, equal to IEA's "Losses" as defined in Section 1(j) of the Engineering Services Agreement, pursuant to Section 13 of the Engineering Services Agreement, or, in

the event and to the extent the contractual indemnification does not apply, then judgment against Westwood and in favor of IEA, in an amount to be determined at trial, based on equitable indemnification;

(3) Judgment against Westwood and in favor of IEAC for interest, costs and reasonable attorneys' fees as allowed by law and as provided by the Engineering Services Agreement, Section 24; and

(4) Judgment against Westwood and in favor of IEA for interest, costs and reasonable attorneys' fees as allowed by law; and

(5) Such other and further relief as the Court may deem just and equitable.

Dated this 27th day of April, 2023.

       Respectfully submitted,

       STROUD, WILLINK & HOWARD, LLC

By:   */s/ John J. Laubmeier*
     John J. Laubmeier
     State Bar No. 1052131
     jlaubmeier@stroudlaw.com
     33 East Main Street, Suite 610
     P.O. Box 2236
     Madison, WI 53701-2236
     (608) 257-2281

     *Attorneys for Plaintiffs IEA Constructors, LLC and Infrastructure and Energy Alternatives, Inc.*